UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

REBECCA NICHOLSON

VERSUS

DOLGENCORP, LLC, ET AL.

CIVIL ACTION

NO. 19-59-JWD-EWD

**NOTICE AND ORDER**

On June 6, 2018 plaintiff, Rebecca Nicholson ("Plaintiff"), filed a Petition for Damages (the "Petition") against defendant, Dolgencorp, LLC ("Defendant"), for damages allegedly arising out of a July 19, 2017 slip and fall.[1] In her Petition, Plaintiff does not specify what injuries she sustained and instead only asserts that such injuries were "serious."[2] Plaintiff seeks damages for "past, present, and future physical pain, suffering, and anguish; past, present and future mental anguish; physical disability and/or impairment of function and activities; scarring and/or disfigurement; loss of enjoyment of life; and loss of consortium."[3] Plaintiff further alleges that as a result of the accident, she has incurred "medical expenses, drug/prescription medication, rehabilitation therapy, diagnostic procedures, travel, and other related and necessary expenses."[4]

On January 30, 2019, Defendant removed this action pursuant to 28 U.S.C. § 1332.[5] Defendant contends that the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, based on Plaintiff's discovery responses, which include medical records

---

[1] R. Doc. 1-1.

[2] R. Doc. 1-1, ¶ 9.

[3] R. Doc. 1-1, ¶ 10.

[4] R. Doc. 1-1, ¶ 11.

[5] R. Doc. 1. Defendant alleges that Plaintiff is a domiciliary of Louisiana and that the sole member of Dolgencorp, LLC "is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee." R. Doc. 1, ¶ 6(A)(1) & (2). Plaintiff also names XYZ insurance company in her Petition; however, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a)..., the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

1

showing that Plaintiff underwent an MRI and that Plaintiff's doctor "noted the films showed that Plaintiff 'has multiple disc bulges and facet arthropathy with disc herniation in the lower cervical spine.'"[6] Defendant asserts that "[e]ven a single alleged disc protrusion satisfies the jurisdictional amount in controversy requirement of 28 U.S.C. 1332."[7]

Despite Defendant's reliance on records produced by Plaintiff in response to discovery requests, there is no indication regarding the amount of Plaintiff's medical expenses. There is no information regarding the nature and extent of Plaintiff's alleged disability or impairment, or whether Plaintiff has been recommended for surgery. The allegations in the Petition and Notice of Removal are not sufficient to establish the amount in controversy,[8] and the court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS HEREBY ORDERED** that on or before **Friday, February 15, 2019**, Defendant, Dolgencorp, LLC, shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

---

[6] R. Doc. 1, ¶ 3.

[7] R. Doc. 1, ¶ 4.

[8] The cases upon which Defendant relies in the Notice of Removal are distinguishable. First, since *Bourg v. Fireman's Fund Insurance Company*, No. Civ. A. 99-1066, 1999 WL 335636 (E.D. La. May 24, 1999), upon which Defendant relies, the Court has made it clear that reliance on boilerplate recitations of general categories of damages will not suffice to meet the amount in controversy requirement. *See Davis v. JK&T Wings, Inc.*, Civ. Action No. 11-501, 2012 WL 278728, at *2-3 (M.D. La. Jan. 6, 2012) (collecting cases). Additionally, the *Bourg* court also considered the fact that the plaintiff was claiming penalties and attorney fees under the Louisiana insurance code and that plaintiff made a settlement demand of $90,000 prior to removal—claims that are not present in this case. *Bourg*, 1999 WL 335636 at *2. In *Andrus v. Board*, 626 So.2d 1224 (La.App. 3 Cir. 1993), the court awarded $84,137 on appeal, however, of that amount, only $30,000 was for general damages, with the remainder awarded following presentation of evidence of past and future lost wages and past and future medical expenses--which has not been provided here. *See also, ANMAC Foundation v. St. Patrick Hosp. of Lake Charles*, 594 So.2d 951, (La.App. 3 Cir. 1992)(same; court found no abuse of discretion in an award of $90,000 following trial, of which only $27,000 was for general damages).

**IT IS FURTHER ORDERED** that on or before **Monday, February 25, 2019,** Plaintiff shall file either: (1) a Notice stating that Plaintiff does not object to Defendant's assertion that the amount in controversy requirement of 28 U.S.C. § 1332 is met; or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on February 6, 2019.

                                        **ERIN WILDER-DOOMES**
                                        **UNITED STATES MAGISTRATE JUDGE**